PEOPLE ex rel. HERRICK v. BOARD OF SUP'RS OF ALLEGANY COUNTY.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1905.)

1. ELECTIONS—NOTICES—EXPENSE OF PUBLICATION—CHARGE AGAINST COUNTY.
    Where the county clerk delivered a newspaper publisher a mass of material not intended to be in form for publication, telling him to publish in an election notice such matter as was necessary to comply with the

election law, the publisher assumed the responsibility of preparing a proper election notice, and could not recover the expense of publishing all the matter delivered to him by the clerk, much of which was .unnecessary to constitute a sufficient election notice.

**2. SAME.**

A newspaper publisher, who publishes for a county an election notice which answers the purpose and complies with the law is entitled to a reasonable compensation therefor, notwithstanding the incorporation in his notice of much unnecessary matter for which he is not entitled to charge.

**3. SAME.**

Where the county clerk delivers to a newspaper publisher a mass of material from which to publish an election notice, and intrusts him with the responsibility of publishing a sufficient notice, the publisher, in order to charge the county for the work which he does, is not required to employ such language or form as will occupy the least possible space and still comply with the law.

Certiorari by the people, on the relation of John P. Herrick, to review the audit and allowance by the board of supervisors of Allegany county of the account of relator. Determination of board modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Clarence A. Farnum (Fred A. Robbins, of counsel), for relator. J. C. Leggett, for defendant.

McLENNAN, P. J.    From the statement of facts in the return, which must be regarded as true, it appears that the relator's newspaper, The Bolivar Breeze, was legally designated by the defendant as one of the two newspapers to publish the election notices for the year 1903 in and for the county of Allegany.    It is conceded, and so returned, that the proper number of publications was made and that the price per folio for such publication, to wit, $7.25, was proper.    The sole difference between the parties arises over the quantity of matter printed, or, rather, what should have been printed, under the authority or instructions given to the relator in the premises.

Concededly the relator printed an alleged election notice covering 131 folios, and if such notice as printed was authorized, or if necessary or required under the election law, the relator's claim is correct, and should have been allowed by the defendant.    The return, however, clearly shows that the notice as published contained much matter in excess of what was necessary, or what was required by the election law, and the controversy arises over the fact as to whether or not the notice as published was authorized by the defendant, and, if not, what part thereof should be paid for by it. The notice as published by the relator consisted of the election notice filed by the Secretary of State in the office of the clerk of the county, with letters sent to the town clerks of the 29 towns of the defendant county, and also the entire text of chapter 147, p. 332, of the Laws of 1903, making about three columns of printed matter, to which the relator affixed the name of the Secretary of State and added the certificate of the county clerk to the effect

that the said county clerk had compared said notice of election with the original, and that it was a correct transcript thereof. The return shows that the material published was delivered to the relator by the county clerk, but that when so delivered it was not, and was not intended to be, in form for publication; that the relator was told, in substance, to publish such matter only as was necessary to comply with the election law; and it appears that the publication of the mass of stuff which was published was wholly unauthorized, and was unnecessary in order to make an election notice which would in all respects comply with the requirements of the election law.

Under the circumstances we think that the relator assumed the responsibility of preparing from the material delivered to him a proper election notice and of publishing the same; that he was not authorized to publish at the expense of the county all the matter which was delivered to him by the county clerk, or which came into his possession in the manner above indicated; but that, notwithstanding, having published a notice which complied with the law and one which answered the purposes of the county, he is entitled to a reasonable compensation therefor. It is impossible to determine with any degree of accuracy exactly what space the relator would have been justified in using in printing the election notice in question. It is quite possible, as determined by the defendant, that 14 folios would have been sufficient to cover and include the necessary matter; but we think the relator, under the circumstances, was not required to employ such language or form as would occupy the least possible space and still comply with the law. We have concluded, however, after a careful examination of all the facts, that 40 folios would have been sufficient for the purpose, after making due allowance for any difference in the wording or phraseology of such notice; that within such space there could have readily been embodied all the facts required by the election law by the exercise of the most ordinary care and attention. A notice consisting of 40 folios at the agreed price, to wit, $7.25 per folio, would amount to $290, and this amount we think the relator is entitled to recover against the defendant, with interest from the 11th day of January, 1904, but without costs of this appeal.

The determination of the board of supervisors is modified, so as to allow the claim of the relator at the sum of $290, with interest thereon from the 11th day of January, 1904, and, as so modified, said determination is confirmed, without costs of this appeal to either party. All concur.